**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KARIMI KWAA SUTTON, | No. 21-15817 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02369-KJM-EFB |
| v. | |
| N. GUZMAN, Correctional Officer; G. GIESSNER, Correctional Officer, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 15, 2022**

Before:     SILVERMAN, WATFORD, and FORREST, Circuit Judges.

California state prisoner Karimi Kwaa Sutton appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging Eighth Amendment claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162,

_____

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1168 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Sutton was required to exhaust administrative remedies before filing his claims, failed to do so, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 578 U.S. 632, 644-45 (2016) (describing limited circumstances in which administrative remedies are effectively unavailable); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)).

**AFFIRMED.**